## JOHN KIRBY *vs.* BOYLSTON MARKET ASSOCIATION.

The owner of a building, leased in several tenements, who is bound to make all necessary repairs, and has control of the passage ways and doors for that purpose, and who keeps the keys and opens and closes the doors of portions of the building at times fixed by the occupants, is not relieved from liability for injuries caused by defects in the building or by the falling of snow and ice therefrom.

The owner of a building is liable for injuries resulting from obstructions caused or created by him in the adjoining sidewalk; but not for injuries resulting from defects in the sidewalk, or from accumulations by natural causes of snow and ice thereon, although the sidewalk forms part of the highway, and he is obliged by ordinances of the city to keep the sidewalk clear and in good repair.

ACTION OF TORT for personal injuries suffered by falling upon the sidewalk on the north side of the defendants' market house in Boston. Trial before *Bigelow*, J., who reserved the following case for the directions of the full court.

The plaintiff introduced evidence tending to prove the injury,

and that it occurred on the sidewalk forming part of Boylston Street, a highway in the city of Boston, and paved by order of the city; that the sidewalk was in a dangerous condition from want of repair and from the quantity of snow and ice which had been unlawfully permitted to accumulate thereon, consisting of snow which had naturally fallen there, ice formed from such snow and rain, and also ice formed from water discharged by the conductor from the roof of the market house, which discharged upon the sidewalk, without any provision to carry the water off, and from water which, for want of sufficient conductors, overflowed the gutters of the market house. The plaintiff contended that the sidewalk was in a bad condition from all these causes, and that for all of them the defendants were liable, and that his injuries were occasioned by one or more of them.

The defendants contended that even if the above facts were true, (which they denied,) they were not answerable; and introduced a witness, the superintendent of the building, who testified that all the stalls and cellars forming Boylston Market were leased to various tenants, and that all the rooms in the upper stories were also let, some of them to tenants at will; that the defendants made all repairs outside of the rooms or stalls, and took care of the roof, gutters and conductors of the building; that the outside passage ways and doors were under their control, so far as was necessary in order to make repairs; that they employed a man to open and close the doors of the story used as a market, at hours fixed by the tenants; and that the doors of the upper stories were opened and closed by the tenants of them, who kept the keys.

*J. A. Andrew*, for the plaintiff.

*R. F. Fuller*, for the defendants.

This case was decided in June 1860.

MERRICK, J.* It is undoubtedly a well settled principle of the common law that the occupier, and not the landlord, is bound, as between himself and the public, so far to keep buildings and other structures abutting upon common highways in repair, that

---

* HOAR, J. did not sit in this case.

they may be safe for the use of travellers thereon; and that such occupier is *prima facie* liable to third persons for damages arising from any defect. *Lowell* v. *Spaulding*, 4 Cush. 277. *Oakham* v. *Holbrook,* 11 Cush. 299. *Regina* v. *Bucknall*, 2 Ld. Raym. 804. *Rich* v. *Basterfield*, 4 C. B. 783.

. But the defendants are not in a situation to avail themselves of that principle in defence of this action. Although all the separate parts of their building, consisting of cellars, stalls and disconnected chambers, were leased either at will or for a term of years to many different tenants, yet the defendants had a general supervision over the whole, and had the entire control of the outside doors and outside passage ways, so far as was necessary to enable them to make all necessary repairs; the obligation to do which rested exclusively on them. They also kept the key of the market room, and opened and closed the doors of it at certain fixed hours, conforming however in respect to the time of doing it to the wishes of the tenants. Under these circumstances there was no such occupancy by the tenants as would cast upon them the obligation of keeping the building in repair, or make them responsible to third persons for damages resulting from its defects; but the liability in that particular still continued to rest upon the owner.

Individuals who sustain injuries or suffer loss and damage peculiar and special to themselves, from nuisances created · or obstructions unlawfully placed by another person in a public highway, may maintain an action against him to recover compensation therefor. *Stetson* v. *Faxon*, 19 Pick. 147. *Smith* v. *Smith*, 2 Pick. 621. *Dobson* v. *Blackmore*, 9 Ad. & El. N. R. 991. The defendants therefore are plainly liable to the plaintiff, if they in any way created or caused a public nuisance in the highway adjacent to their estate, by means of which he, while using due care for his own protection and safety, suffered the injury to his person of which he complains. And it makes no difference how or in what manner the nuisance was created, whether it was by removing the snow from their own premises and piling it up in the public street in such an accumulated mass as essentially to interfere with its use and enjoyment, and to impede

the public travel, or in any other way or by any other means whatever. The same consequences would follow if they erected their building upon the highway, or constructed it so that it would necessarily be a public nuisance there; or if, having properly and lawfully erected and placed it upon their own land, they suffer and allow. it to fall into such waste and decay that it would thereby necessarily become a nuisance and thereby cause an unlawful obstruction to the public travel. In either and all of these cases, they would be liable to prosecution by indictment, and also be responsible to individuals to whom special damage should thereby be occasioned.

But the defendants, as owners and occupants of the land and building abutting upon Boylston Street, are not responsible to individuals for injuries resulting to them from defects and want of repair in the side walk, or by means of snow and ice accumulated by natural causes thereon, although, by ordinances of the city, it is made the duty of abutters, under prescribed penalties, to keep the side walks adjoining their estates in good repair, and seasonably to remove all snow and ice therefrom. Such ordinances are valid, and the work which is enforced under them relieves, to the extent of its cost or value, the city from charges which otherwise it would be necessarily, in discharge of its municipal duties, subjected to. *Goddard, petitioner,* 16 Pick. 504. For the city is required to keep all duly established highways within its limits in good repair and clear of snow and ice, so that they shall, at all seasons of the year, be safe and convenient for persons passing and travelling thereon. Rev. Sts. *c.* 25, §§ 1, 3, 24. *Loker* v. *Brookline,* 13 Pick. 343. And the city is in no degree exonerated from its obligations in these particulars in consequence of the adoption of ordinances designed and intended effectually to secure the proper application of whatever labor and means are necessary for the accomplishment of that purpose. If therefore there was, at the time when the plaintiff complains that he sustained an injury to his person, any defect or want of repair in the side walk, or if it was so incumbered, by operation of natural causes, by snow and ice as to be dangerous, or not reasonably safe and convenient for travellers

passing along upon it, their remedy for all damages actually sustained in consequence thereof is exclusively against the inhabitants of the city in their corporate capacity. *St.* 1850, *c.* 5, § 1.

It is therefore clear that upon these last grounds this action cannot be maintained; but it must stand continued for trial upon the questions of fact whether the defendants by their unlawful acts or their negligence in constructing or maintaining their building, caused or created a public nuisance in Boylston Street, by means of which special damage was done to the plaintiff in the manner complained of in his declaration.

*Case to stand for trial.*

A trial was had in September 1860, resulting in a verdict for the defendants.