CATHERINE FUCHS, AN INFANT, BY THOMAS GRAHAM, GUARDIAN, Respondent, *against* MICHAEL SCHMIDT, Appellant.

(Decided July 15th, 1879.)

Upon appeal from a judgment on a verdict of damages for negligence, the court will not, for the purpose of sustaining the judgment, consider facts appearing in the case, but which at the opening of the trial were disclaimed by plaintiff as a ground of recovery.

*It seems,* that at common law there is no obligation upon abutting owners to keep the highway in front of their land free from ice and snow.

A municipal ordinance requiring abutting owners to keep the sidewalks in front of their premises free from ice, and imposing a penalty for a failure to do so, does not create a right of action in favor of a casual passer-by, who, by reason of a failure of such owners to obey the ordinance and remove the ice, falls and is injured.

APPEAL from a judgment of the Marine Court of the city of New York, entered upon an order of the general term of that court affirming a judgment for the plaintiff entered upon a verdict.

The defendant was the owner of the premises No. 426 West 51st Street, in this city. On the 25th of March, 1875, the plaintiff, while passing the said premises of the defendant, slipped upon ice which had accumulated upon the sidewalk and fell upon an iron fence in front of defendant's premises and injured herself.

This action was commenced in the Marine Court to recover damages for such injury, and resulted in a verdict for the plaintiff for $250. From the judgment thereon the defendant appealed to the general term of the Marine Court where such judgment was affirmed, and from the judgment of affirmance this appeal is taken.

*Daly & Machin*, for appellant.

*John L. Lindsay*, for respondent.

VAN BRUNT, J.—In the disposition of this appeal, it is not necessary to consider the question as to whether or not the judgment can be sustained upon the ground that the defendant was guilty of negligence in maintaining the fence in question in front of his premises, because the plaintiff's counsel, at the opening of the trial of this case, disclaimed any cause of action upon that ground, and rested his case upon the liability of the defendant, arising from the fact that he allowed the snow, hail and rain to freeze on said sidewalk and remain thereon.

It seems to be conceded by the counsel for the respondent that at common law there is no obligation upon the part

of abutting owners to keep the highways clear from encumbrances rising from natural causes, but he relies for the support of this action upon the fact that the corporation of the city of New York have passed an ordinance requiring each owner to remove snow and ice from the sidewalk, under a certain penalty for neglect so to do.

That the city, for the purpose of municipal regulation, has the right to pass and enforce such an ordinance, may not be questionable, but upon what principle its violation can entail upon the owner any greater or other penalties than those provided by the ordinance has not been suggested. It is claimed by the counsel for the respondent that it was the duty of the defendant to comply with the requirements of the ordinance, and for a failure of that duty he is liable to any one injured, and a number of cases are cited in support of the proposition.

An examination of those authorities show the question in controversy was as to the admissibility of corporation ordinances regulating the speed at which cars might be run through city limits, in actions against railroad corporations for injuries sustained by third persons in consequence of the negligence of the railroad companies. The court in those cases held, that the proof of the violation of the ordinance was some evidence that the cars were running at such a rate of speed that it constituted negligence.

It is nowhere held that the violation of the corporation ordinance gives any right of action where none existed before, and I am entirely unable to see upon what principle such a decision conld be founded.

In the case of *Kirby* v. *Boylston Market Association* (80 Mass. 249), the point involved in this case was decided in accordance with the views above expressed.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

LARREMORE and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.