GEORGE A. MacHATTON *vs.* ALEXES DUFRESNE.

Sagadahoc.    Opinion March 27, 1922.

*If the purchaser of coal neglects to request the seller to have the coal weighed by a
sworn weigher at the time the coal is sold and delivered he waives his
right to have it weighed, and the price of the coal may be
collected.*

In the absence of a request by the purchaser for coal to be weighed by a sworn
weigher made at or before the time the coal is sold and delivered, the seller
may collect his bill for the price of coal shown to be sold and delivered.

The failure to so seasonably make request for weight by a sworn weigher, is
a waiver by the buyer of his right to have the coal so weighed.

On exceptions by defendant. This is an action of assumpsit
upon account annexed to recover the price of certain coal sold and
delivered by the plaintiff to defendant. Defendant pleaded the
general issue, and under a brief statement alleged that plaintiff was
not entitled to recover inasmuch as he had not had the coal weighed
by a sworn weigher as provided in the R. S., Chap. 46, Secs. 11
and 12; also Public Laws 1919, Chap. 74, Sec. 3. It was admitted
that the purchaser did not request the plaintiff to have the coal
weighed and a certificate of weight given to him until long after
the delivery of the coal. After the close of the testimony the pre-
siding Justice ordered judgment to be entered for the plaintiff for the
amount sued for, and the defendant excepted.

Exceptions overruled.

The case is stated in the opinion.

*J. H. Rousseau* for plaintiff.

*Clarence E. Sawyer, and Walter S. Glidden* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL,
WILSON, JJ.

PHILBROOK, J. This is an action of assumpsit upon an account
annexed to recover the price of coal sold and delivered by the plain-

tiff to the defendant. After hearing the evidence and the legal contentions of the parties the presiding Justice ordered judgment to be entered for the plaintiff for the amount sued for, with costs of court. To this ruling the defendant filed exceptions which were duly allowed and the case is before us upon those exceptions.

It is conceded that coal was sold and delivered as above stated. The parties do not agree upon the exact weight of the coal. It appears that the plaintiff weighed the coal but that he was not a sworn weigher. The defendant admitted that no weigh bill was demanded when the coal was delivered, but testified that subsequent to the delivery of the last of the coal he requested a weigh bill which was not furnished by the plaintiff. This request was denied by the plaintiff. According to the defendant's own testimony the last coal was bought on the eleventh of February and a weigh bill was not demanded until some time in March, at which time the coal had been consumed. The plaintiff's brief says "The difficulty between the parties arises from the fact that the coal, although sold by weight and having been weighed by the plaintiff, he, the plaintiff, was not then a sworn weigher, and no certificate of weight was delivered to the defendant." The defendant's brief says "the real issue is one of statutory construction."

The statutes which the parties desire to have interpreted, so far as they affect this case, are R. S., Chap. 46, Secs. 11 and 12, and Public Laws 1919, Chap. 74, Sec. 3.

R. S., Chap. 46, Sec. 11, as it appears in the revision of 1916, reads "the municipal officers of towns shall annually appoint weighers of such coal, who shall receive such fees as said officers may establish, to be paid by the buyer." Public Laws 1919, Chap. 74, Sec. 3, amended said Section 11 by striking out all of said section and inserting in place thereof the following: "The municipal officers shall annually appoint weighers of coal. Weighers must give slips either in writing or printing to every purchaser of coal when not in bags or packages showing the gross, tare and net weight for each and every load so delivered. For each violation of this act there shall be a fine of not less than ten nor more than twenty dollars." Plainly the only effect of the amendment upon Section 11 was to relieve the buyer from paying the weigher's fees, and making the failure on the part of the sworn weigher to give the buyer a weigh bill, when coal was thus weighed, a misdemeanor punishable by a small

fine.  The seller is not penalized by this amendment nor is he forbidden thereby to sell coal unless weighed by a sworn weigher.

Sec. 12, of R. S., Chap. 46, read before the amendment of Section 11, and still reads thus:  "Unless coal is sold by the cargo, the seller shall, on request of the purchaser, cause it to be weighed by a sworn weigher, who shall make a certificate of the weight; and he shall deliver such certificate to the buyer before commencing a suit against him for the price of such coal."  The defendant claims that since Secs. 11 and 12 of R. S., Chap. 46 relate to the same subject matter an amendment to one section in terms must carry an implied amendment to the other.  In other words he claims, since failure on the part of the sworn surveyor to furnish a weigh bill to the buyer is made a misdemeanor, that it must follow in every case, except sales by cargo, that any sale of coal by weight is forbidden, unless weighed by a sworn weigher, under the doctrine that where a statute imposes a penalty for a failure to comply with its provisions it shall be construed as prohibitive, and that contracts made in direct contravention of its requirements are unlawful and void.  We agree with the principle contained in the doctrine but cannot concede that the doctrine applies to the case at bar.  These statutory restraints upon the sale of coal are in derogation of the common law, and it is too well settled to need the citation of authorities that such statutes are to be strictly construed.

We cannot discover anything in the act of 1919 which amends, alters or repeals Sec. 12 of R. S., Chap. 46.  That section, designed to protect the public, affords ample protection by declaring that "on request of the purchaser" the seller of coal shall cause it to be weighed by a sworn surveyor, who shall make a certificate of the weight, and the seller must deliver this certificate to the purchaser before commencing suit for the price of the coal.  As we have already said, Sec. 11 of R. S., Chap. 46, as amended, does not deny the right to sell coal by weight unless weighed by a sworn surveyor, nor does Section 12 deny that right.  Indeed, by plain implication such sales may be made because it is only "on request of the purchaser" that the services of a sworn weigher are required.  When the purchaser of coal has confidence in the integrity of the seller, and buys without calling for the services of a sworn surveyor, we cannot see how such sale is illegal any more than the purchase of sugar or tea would be.  On the other hand when the purchaser of

coal, for any reason, desires that the coal which he is buying shall be weighed by a sworn weigher he has only the necessity of demanding such weight, and by so doing he has all necessary protection and the seller, should he refuse or neglect to comply with his customer's demand, brings down upon his own head the disability to collect his coal bill. But reason and common sense would compel the purchaser to request the sworn weight before, or at the time, the coal is purchased. To buy and consume the coal, and then demand sworn weight, would be little less than an absurdity. To purchase the coal without seasonably requesting sworn weight would be the voluntary relinquishment of a known right, benefit or advantage, and which, except for such waiver, the party otherwise would have enjoyed. In other words, waiting until the coal is consumed before asking for sworn weight would be a waiver of the right to have such weight. The defendant says there can be no waiver in such case because the amendment of 1919 has penalized a sworn surveyor for not giving the purchaser of coal a certificate of weight. But the purchaser is not waiving the duty of the delivery of a weigh bill by a sworn weigher, he is waiving the right to have a sworn weigher weigh the coal when it is bought. The two things are entirely different.

We should not overlook defendant's reliance upon *Smith* v. *Campbell*, 68 Maine, 268, a Per Curiam opinion which holds that R. S., Chap. 41, Sec. 13, providing that the seller of coal shall not maintain a suit for the price thereof unless he has caused the same to be weighed by a sworn weigher and a certificate of the weight delivered to the buyer, is not complied with when the weigher is either the owner of the coal or sells it on commission. That opinion was announced in 1878 when the statute provided "unless the parties otherwise agree, or the coal is sold by the cargo, the seller shall cause the same to be weighed by a sworn weigher, who shall make a certificate of the weight thereof; and the seller shall not maintain a suit for the price of such coal unless he had delivered such certificate to the buyer before its commencement." Under the same statute was decided the case *James* v. *Josselyn*, 65 Maine, 138, in 1876, where it did not appear in evidence that the parties did "otherwise agree" and the court said "We cannot be expected to aid in thus nullifying a statute of this state." But immediately after the decision was announced in *Smith* v. *Campbell*, supra, the legislature

amended the statute by enacting Public Laws 1879, Chap. 142, which provided "unless the coal is sold by the cargo, the seller shall, on request of the purchaser, cause the same to be weighed by a sworn weigher, who shall make a certificate of the weight thereof; and the seller shall not maintain a suit for the price of such coal unless he had delivered such certificate to the buyer before its commencement." With slight verbal changes only, the act of 1879 still prevails and has become Section 12 of Chapter 46 of the revision of R. S. 1916. This amendment of 1879 made such a radical change in the then existing statute that *Smith* v. *Campbell*, supra, and *James* v. *Josselyn*; supra, have no application to the present statute.

We hold (1) that in the absence of a request by the purchaser for coal to be weighed by a sworn weigher, the seller may collect his bill for the price of coal shown to be sold and delivered; (2) that such request must be made at or before the time the coal is sold and delivered; (3) that failure to so seasonably make request for sworn weight is a waiver by the buyer of his right to have his coal so weighed.

*Exceptions overruled.*