[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT PLEADING #127
There is no dispute as to the following facts. On May 3, 1989, the plaintiff was walking down a public sidewalk in the City of Ansonia. On a section of sidewalk in front of Paul and Cynthia Sardo's house, the plaintiff stubbed her toe and fell to the ground, fracturing her right humerus. The plaintiff then sued the City of Ansonia ("Ansonia") and the Sardos claiming that the sidewalk was defective and in a dangerous condition and that the defect led to her injury.
The suit against the Sardos ("defendants") was brought pursuant to Section 24-56 of the Ansonia City Code, which states that an abutting landowner "shall have the same duty of care with respect to any defects and obstructions" as the municipality would have had and "shall be liable to persons injured in person or property." The pleadings are closed. The defendants move for summary judgment contending that Section 24-56 exceeds the statutory authority granted to Ansonia by General Statutes Section7-163a and is therefore invalid.
Summary judgment is appropriate when the pleadings, affidavits and all other properly submitted evidence demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Practice Book Section 384; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316 (1984). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all material facts." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,488 (1971).
In order for the defendants to prevail on their motion for summary judgment, they must demonstrate that Section 24-56 is invalid. Section 24-56 is the only basis for their potential liability. If the defendants cannot prove that Section 24-56 is invalid, then they cannot be accorded summary judgment.
The plaintiff's right of action against the defendants is created by Section 24-56, for CT Page 7798
 [a]t common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of ice and snow. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition, and not the duty of private persons. Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby.
Willoughby v. New Haven, 123 Conn. 446, 451 (1937) (citations omitted).
Defendants claim that Section 24-56 is not adequately authorized by General Statutes Section 7-163a because it exceeds the scope of such statute. General Statutes Section 7-163 (a) provides that "[a]ny. . .city. . .may, by ordinance, adopt the provisions of this section." General Statutes Section7-163a(c)(1) provides in part that "[t]he owner or person in possession and control of land abutting a public sidewalk shall have the same duty and care with respect to the presence of ice or snow on such sidewalk" and shall be liable to injured persons the same as the municipality would have been prior to the enactment of the ordinance. The Ansonia City Code Section 24-56 is identical to General Statutes Section 7-163a except that it adds the words "any defects and obstructions and/or" before "the presence of ice or snow." General Statutes Section 7-163a itself does not give the towns or cities which adopt the provisions authority to exceed the scope of General Statutes Section 7-163a.
The Connecticut Supreme Court has stated that
 "[i]t is well settled law that as a creation of the state, a municipality has no inherent powers of its own and that a municipality possesses only such rights and powers that have been granted expressly to it by the state or that are necessary to discharge its duties and to carry out its objectives and purposes."
CT Page 7799
Blue Sky Bar, Inc. v. Stratford, 203 Conn. 14, 19 (1987) (citations omitted). Further, "[t]he legislature has been very specific in enumerating those powers it grants to municipalities. An enumeration of powers in a statute is uniformly held to forbid the things not enumerated. Delegation of authority is therefore narrowly construed." Simons v. Canty, 195 Conn. 524, 530 (1985) (citations omitted).
Under this standard, Ansonia apparently exceeded its authority by adding the words "defects and obstructions" to its ordinance. However, the defendants have not proved that they are entitled to judgment as a matter of law. The court in Willoughby stated that the shift of liability from the municipality to the individual "must be accomplished by statutory or charter provision"; Id. 123 Conn. at 451 (emphasis added); and the defendants have not demonstrated that Ansonia exceeded the authority granted to it under its charter. Nor have the defendants demonstrated that such a shift in liability is not authorized by the numerous powers granted to municipalities under General Statutes Section 7-148 (c). Although Ansonia appears to have exceeded the authority of General Statutes Section 7-163a in enacting Section 24-56, defendants have not carried their burden of proving that the Ansonia ordinance is invalid.
Accordingly, summary judgment is denied.
MEADOW, J.