[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SARDO DEFENDANTS' MOTION FOR SUPPLEMENTAL JUDGMENT
This is an action for personal injuries plaintiff alleges she sustained when she fell on a public sidewalk in front of the driveway of premises owned by defendants Paul and Cynthia Sardo. In the Second Count of her complaint, plaintiff alleges that the defendants Paul and Cynthia Sardo are liable for her damages pursuant to Ansonia City Code 24-56, copy attached, which attempts to shift liability for this injury from the City of Ansonia to the adjoining property owners.
The Sardo defendants previously filed a Motion for Summary Judgment claiming that, as adjoining landowners, they bear no responsibility to plaintiff as a result of an allegedly defective sidewalk in the absence of any allegation that the defect was created by them and that the ordinance attempting to impose such liability on said defendants was invalid.
The claim against defendants Sardo as contained in the Second Count of the complaint alleges "that said public sidewalk was broken away, cracked, displaced, sunken and heaved" and that defendants Sardo owed plaintiff a duty to inspect, repair and warn plaintiff of the defective and unsafe sidewalk. There is no allegation that the Sardo defendants created or caused the defective condition of the sidewalk or in any way obstructed the CT Page 9903 sidewalk. Thus, the issue before the Court is limited to whether or not the City of Ansonia can, by ordinance, shift its duty of care with respect to defects in the sidewalk and liability for any injuries sustained thereby to adjoining property owners.
On September 26, 1991, Honorable Frank S. Meadow, Judge, filed his Memorandum of Decision on defendant Sardos' Motion for Summary Judgment holding that Ansonia City Code 24-56 did exceed any power granted to municipalities to shift liability to adjoining property owners under Conn. Gen. Statutes 7-163a because it added liability for injuries caused by sidewalk defects and obstructions to the authorized liability for presence of ice or snow on the sidewalk. However, Judge Meadow held further that the Sardo defendants had not sustained their burden of proof as to whether or not the shift of liability from the municipality to the adjoining landowners had been accomplished pursuant to a charter provision or by the numerous powers granted to municipalities under General Statutes 7-148(c).
Defendants Sardo have now filed a Supplemental Motion for Judgment claiming that the City of Ansonia had no authority under its charter or any other statute to shift its liability for defective sidewalks to adjoining property owners. All parties were heard on the Supplemental Motion for Judgment.
This Court now renders summary judgment for defendants Paul and Cynthia Sardo and finds that there is no authority under the Charter of the City of Ansonia or under any other law such that the City of Ansonia can shift its liability for defects in its sidewalks to adjoining property owners.
Plaintiff contends that the City of Ansonia had the power and authority to pass such an ordinance pursuant to 93 of their Charter. Section 93 of the Charter allows the City by ordinance or otherwise "to regulate the use of sidewalks and all structures in, under, or over the same, and to require the owner or occupant of premises to keep the sidewalks in front of the same free from snow, ice, and other obstructions, and prescribe hours for cleaning the same."
It has long been the law that, although a city or town may shift the duty of cleaning the sidewalks to adjoining property owners, such a provision does not impose any liability for breach of that duty absent specific legislative authority. See Willoughby v. New Haven, 123 Conn. 446, 454 (1937). Accordingly, the Charter of the City of Ansonia, which merely imposes a duty to keep the sidewalk clean and free of obstructions, provides no authority for the municipality to pass an ordinance shifting liability for breach of that duty to its citizens. CT Page 9904
In his ruling, Judge Meadow also refers to powers granted to the municipality by the state pursuant to 7-148(c). However, none of the powers granted to municipalities under Connecticut General Statutes 7-148(c) could reasonably be interpreted to be enabling legislation which allows the City to shift its statutory liability to repair and maintain its sidewalks to adjacent landowners. Again, the statute in 7-148 (c)(6)(C)(v) only grants to municipalities the "power to require owners or occupants of land adjacent to any sidewalk or public work to remove snow, ice, sleet, debris or any other obstruction therefrom, provide penalties upon their failure to do so and cause such snow, ice, sleet, debris or other obstruction to be removed and make the cost of such removal a lien on such property."
In determining whether a municipality has the authority to adopt an ordinance or even a charter provision, the Court does not search for a statutory prohibition against such enactment, but rather must search for statutory authority for the enactment. This is based upon the general rule that the State has the authority to grant powers to its municipalities and such powers must be specifically enumerated and narrowly construed. The above quoted statute does not provide specific authority for the enactment of the ordinance in question, again under the authority of Willoughby, supra.
Furthermore, in this particular case, we have the benefit of the legislative history concerning the passage of Connecticut General Statutes 7-163a, which makes clear that in allowing municipalities to shift liability for snow and ice, the legislature specifically declined the opportunity to grant municipalities the power to shift liability for defects. See Legislative History as quoted in defendant Sardos' April 16, 1991 memorandum of law. The cases have uniformly held that where the legislature has shown its to enact express legislation in an area delegating specific powers to local government units the courts cannot infer or find additional powers absent an express statement or based solely on the power to promote good government. Simons v. Canty, 195 Conn. 524,532 (1985). See also, City Council v. Hall, 180 Conn. 243,251 (1980).
Ordinances must not conflict with the statutes and must be in harmony with the general law of the state and with its public policy as expressed in its legislation and its law. Shelton v. City of Shelton, 111 Conn. 433, 439 (1930).
This Court now finds that the Sardo defendants have sustained their burden of establishing that 24-56 of the Ansonia City Code is invalid insofar as it attempts to shift liability for money damages due to defects in a public sidewalk to abutting owners and accordingly, summary judgment may issue in their favor. CT Page 9905
So ordered.
SEQUINO, J.
Certification is hereby made that his is a true and exact copy of Section of the Code of the City of Ansonia, Ct. November 4, 1991
Town and City Clerk
24-55 ANSONIA CITY CODE 24-56
Sec. 24-55. Maximum height and spread permitted; trees with roots which will damage sidewalk, etc., not to be approved.
No tree planted in any space described by section 24-51 shall be more that thirty (30) feet in height or have a spread of more than fifteen (15) feet. It shall be the duty of the tree warden to approve only those types of trees which have roots which will not interfere with or cause raising or buckling of the sidewalk or roadway adjacent to where such tree is planted. (10-9-61, 1)
ARTICLE VI. SIDEWALKS
Sec. 24-56. Liability
Notwithstanding the provisions of section 13a-149 of the General Statutes or any other state statute or special act, the City of Ansonia shall not be liable to any person or property for injury or damage caused by defects and obstructions and/or the presence of ice and snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk, other than land used an a highway or street, provided such municipality shall be liable for its affirmative acts with respect to such sidewalk.
The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to any defects and obstructions and/or the presence of ice and snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this act and shall be liable to persons injured in person or property [where a breach of said duty is the proximate cause of said injury. No action to recover damages for injury to the person or the property] caused by defects and obstructions and/or the presence of ice or snow on a public sidewalk against a person who owns or is in possession and control of land abutting a public sidewalk shall be brought but within tow (2) years from the date when the injury is first CT Page 9906 sustained. (Ord. of 4-13-82; Ord. of 5-13-86)
Supp. No. 10, 5-86 262