[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
By way of a three count complaint filed on October 8, 1993, and revised on March 29, 1994, the plaintiff, Eileen Kulmann, alleges that she tripped and fell in a crack on a public sidewalk maintained by the Borough of Naugatuck. She alleges that the sidewalk was located in front of property owned by the defendant, Victor Gotay (Gotay) and occupied by the defendant, Waterbury Republican-American, Inc. (Waterbury). The first count alleges a breach of statutory duty against the Borough of Naugatuck. The second and third counts, directed against the defendant, Victor Gotay and the defendant, Waterbury Republican-American, Inc., respectively, sound in negligence. In the second count, the plaintiff alleges that the Borough of Naugatuck Code of Ordinances § 16-12 imposed a duty on the defendant, Gotay, to maintain the sidewalk.
The defendant, Gotay, filed a motion to strike the second count and a supporting memorandum of law, arguing that the Naugatuck Code of Ordinances § 16-12 does not impose liability on an abutting landowner for injuries resulting from defects in a public sidewalk.
A motion to strike is the "proper vehicle to test the legal sufficiency of a complaint or any count therein." [Babych v.McRae], 41 Conn. Sup. 280, 281, 567 A.2d 1264 (1990). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. [D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School], 202 Conn. 206, 218-19,520 A.2d 217 (1987). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the plaintiff. [Gordon v. Bridgeport HousingAuthority], 208 Conn. 161, 170, 544 A.2d 1185 (1988).
As noted above, the defendant argues that the second count is legally insufficient because § 16-12 does not impose liability on an abutting landowner for injuries resulting from defects, such as cracks, in public sidewalks. The Naugatuck Code of Ordinances § 16-12 provides in relevant part:
 (a) The owner or occupant of any premises fronting or adjoining any street or public place within the limits of the borough, where there is any sidewalk, shall CT Page 4629 keep such sidewalk in a safe and convenient condition for the use of the public and shall remove therefrom without delay any and all dirt, stones, gravel, ashes or any other rubbish or obstruction of any nature endangering or incommoding public travel and may be placed or found thereon, without obstructing the gutter or street adjoining the sidewalk.
Subsection (b) of § 16-12 allows the city to charge the owner or occupier for the expense of the removal of any such debris if the owner fails to remove such debris within 24 hours.
As the supreme court held,
 [a]butting landowners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with a duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof.
[Willoughby v. New Haven], 123 Conn. 446, 454, 197 A. 85 (1937). The imposition by ordinance or statute of a duty to clear debris from the public sidewalk is not sufficient to render the abutting landowner, as opposed to the municipality, liable for injuries sustained as a result of such debris, absent a provision in the ordinance or statute expressly imposing liability for injuries. Id., 455-56; see also [Bourque v.Enfield], 10 Conn. L. Rptr. 574, 575 (January 5, 1994, Wagner, J.); [Klein v. Bushnell Congregational Church],1 Conn. L. Rptr. 250 (January 31, 1990, Allen, J.) (defendant not liable for defect in abutting sidewalk where ordinance did not expressly provide for liability).
The plaintiff's revised complaint alleges that the sidewalk was "cracked, separated, or in disrepair," and this defect caused the plaintiff's accident. The ordinance does not expressly impose liability on the abutting landowner for injuries resulting from the defect. Therefore, the defendant's motion to strike the second count is granted.
[/s/ William J. Sullivan] J. WILLIAM J. SULLIVAN CT Page 4630