[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 23, 1994, the plaintiff, Carolyn Drons, filed a two count complaint alleging negligence against the defendants, Town of New Canaan and Joyce Davis[.] The facts as alleged in the complaint are as follows. On April 3, 1992, the plaintiff was walking on a municipal sidewalk abutting Davis's property, 130 Main Street in New Canaan, whereupon the plaintiff fell due to the alleged defective condition of the sidewalk. The plaintiff suffered injuries as a result.
On June 7, 1994, Davis filed a motion (#101) to strike count two of the complaint on the ground that the count is legally insufficient because abutting landowners owe no duty to pedestrians to keep sidewalks in good condition for travelers.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 11331 the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Labor King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems v. BOC Group. Inc., supra, 215.
The defendant argues that an abutting landowner has no duty to pedestrians to keep a sidewalk in safe condition, and that even if such a duty is imposed by municipal ordinance that duty runs to the municipality and not to pedestrians.
Practice Book § 155 provides in part that "[i]f an adverse party objects to this motion [to strike] he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with section 120 a memorandum of law." The plaintiff has not objected as required by Practice Book § 155, and therefore the motion to strike may be granted on that ground alone.
However, the motion to strike may also be granted on the merits. "An abutting landowner, in the absence of statutes or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). The Code of the Town of New Canaan § 54-49 provides that `[t]he owner of land abutting on any highway, street or public place in front of whose premises an artificial sidewalk is constructed shall at all times maintain the sidewalk in front of such premises in a condition safe for the passage of the public and without expense to the town."
Nevertheless, "[t]he decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with [a duty imposed by] . . . statute or ordinance." Willoughby v. New Haven, 123 Conn. 446, 453-54,197 A. 85 (1937). "Abutting landowners have only been held liable for CT Page 11332 injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Id. "Even where the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under right of action based on that duty. Therefore, the duty imposed by ordinance to keep the sidewalk in safe condition runs to the Town of New Canaan, not to pedestrians, and does not afford a private cause of action. Accordingly, Davis' motion to strike count two is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE