[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action arises out of the repaving of Route 1 by the State of Connecticut. The plaintiffs instituted suit seeking to recover damages for personal injuries and loss of consortium claimed to have been sustained when the plaintiff operator of a motor vehicle turned into the driveway of Gloria's Farm Market and struck a four foot wide, six inch deep depression excavated at the bottom of the driveway. In addition to instituting suit against the State of Connecticut and its claimed subcontractors, the plaintiff brought suit against the owners and operators of Gloria's Farm Market claiming that they were negligent in the following ways:
 a. In that the condition described in paragraph four was hazardous for vehicular traffic entering the defendant's premises;
 b. In that the defendant failed to erect or maintain proper safeguards, warning signs or failed to otherwise warn the plaintiff or others similarly situation of the dangerous condition described in paragraph five;
 c. In that the aforesaid driveway entrance to 285 Boston Post Road was not reasonably safe for the purposes and uses intended;
 d. In that the conditions had existed for a sufficient length of time so that the defendant, its agents, servants or employees knew or should have known of them and should have taken measures to remedy and correct them but this it failed to do;
 e. In that the defendant knew or in the exercise of reasonable care and inspection should have known of the conditions and remedied or corrected them. CT Page 11410
The defendants have moved for a summary judgment asserting that the claimed defect does not exist on any property owned, operated or controlled by the defendants and that they did not contribute to the creation or the existence of the defect. The plaintiffs object to the motion for summary judgment and agree that there is no factual issue that the hole which is the subject of the lawsuit is not on the defendant's property but assert that the moving defendants impliedly invited the plaintiff to their property and should have taken action with respect to the claimed defect.
As a general rule, a landowner, in the absence of statute or ordinance, is under no duty to keep the public highway in front of his property in a reasonably safe condition and is not liable for conditions which he has not been instrumental in creating or maintaining. See such cases as Wilson v. New Haven, 213 Conn. 277,280 (1989); Sawacki v. Connecticut Railway and Lighting Co.,129 Conn. 626, 633 (1943); Willoughby v. New Haven, 123 Conn. 446,451 (1937). In Capasso v. Coppola, 9 CSCR 290 (1994) (Gray, J.), the court held that a business proprietor does not owe a traveller on an adjoining highway a duty to warn of defects upon the highway. See Generally, 39 Am.Jur.2d, Highways, Streets and Bridges, § 365. The Restatement (Second) of Torts, § 349 (1964) states:
 A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travellers upon the highway or persons lawfully using the way by his failure to exercise reasonable care
 (a) to maintain the highway or way in a safe condition for their use or
 (b) to warn them of dangerous conditions in the way which, although not created by him, are known to him in which they neither know nor or likely to discover.
The moving defendants, under the facts presented, did not breach a duty owed to the plaintiffs with respect to defective conditions created by others on land not owned or controlled by the moving defendants. Accordingly, the motion for summary judgment is granted. CT Page 11411