[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint in this case contains eight counts, each of which is the subject of a motion to strike by the defendants, William B. Brezovsky and Mary Ellen Brezovsky, who reside at 79 Woodway Road in Stamford. The complaint by the plaintiff, Laura DeFilippis, as executrix of the estate of Lynda Saxman, deceased, refers to the death of the plaintiff's decedent on February 10, 1995, when she was struck and killed by a bus owned and operated by Connecticut Transit on behalf of the state of Connecticut. The complaint alleges that the decedent was walking on the shoulder of Woodway Road at the time of her death, which is described as occurring near 101 Woodway Road. The complaint further alleges that the defendants acted negligently in failing to remove and clear the ice and snow from the sidewalk in front of their home, thus forcing the decedent onto the shoulder of Woodway Road. The defendants are also claimed to have violated a municipal ordinance requiring a homeowner to remove snow and ice from the sidewalk abutting his or her premises.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996).
The first and second counts of the plaintiffs' complaint allege common law negligence and negligence per se based upon a violation of § 214-16 of the Code of the city of Stamford, which requires a landowner to clear the snow and ice from an abutting sidewalk. The defendants claim that the plaintiffs have CT Page 9028 failed to allege sufficiently the existence of a legal duty on their part owed to the plaintiffs.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). Although the city of Stamford has an ordinance involving the clearing of sidewalks, "[i]mposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by the municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon." Willoughby v. New Haven,123 Conn. 446, 451, 196 A. 344 (1937). "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms . . . ." Id., 453. The ordinance at issue does not evidence such an intent.
"So far as defects . . . result wholly from the operations of nature, the proprietor at whose front they exist is without responsibility for them. Therefore, where ice has accumulated upon the sidewalk to a dangerous extent it is the duty of the municipality to remove or cover it within a reasonable time after its formation. . . ." (Citations omitted; internal quote marks omitted.) Id., 451. The defendants' motion to strike counts one and two of the plaintiffs' complaint is granted.[1]
The third and fourth counts of the plaintiffs' complaint allege a cause of action based upon recklessness. The defendants dispute the sufficiency of simply realleging the same facts, in the recklessness counts of the complaint, as those alleged in the negligence counts. This court has held that "[t]he reiteration of acts previously asserted to support a cause of action in negligence, without more cannot be transformed into a claim of reckless misconduct by mere nomenclature." Bray v. Dademo,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146855 (Lewis, J., January 2, 1996). This court stands by its previous decision. The defendants' motion to strike the third and fourth counts of the plaintiffs' complaint is granted.
The fifth and sixth counts of the complaint allege a cause of action based upon public nuisance. "The distinction between cases CT Page 9029 where dangerous conditions have been created by individuals and in which they are held liable for the consequences under their common-law obligations as creators of a nuisance, and those relating to the consequences following neglect of a duty imposed by statute or ordinance to maintain, repair, or clear sidewalks, is manifest and radical. The decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with such statute or ordinance. . . . Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof. . . ." (Citations omitted.) Willoughby v. NewHaven, supra, 123 Conn. 453. As the plaintiffs are unable to allege that this Stamford ordinance expressly imposes liability upon these defendants for such injuries, the defendants' motion to strike the fifth and sixth counts of the complaint is granted.
The seventh and eighth counts of the complaint allege a cause of action based upon negligent nuisance. As stated previously, the plaintiffs have failed to sufficiently allege negligence due to the lack of a duty of care upon the defendants. Accordingly, the counts of the complaint alleging negligent nuisance are stricken.
Thus, the defendants' motion to strike is granted as to all the counts of the plaintiffs' complaint. There are six companion cases[2] in which the plaintiffs sued other property owners on Woodway Road under the same legal theories presented in this present case. Therefore, this decision granting the motion of the defendants to strike the complaint in this case applies as well to the motions to strike the complaint filed by the other defendants in the six companion cases.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of September, 1997.
William B. Lewis, Judge