[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: APPLICATION FROM ABUSE
The petitioner (hereinafter "plaintiff") sought this ex-parte restraining order against the respondent William Wynn (hereinafter the "defendant") pursuant to C.G.S 46b-15 based on her affidavit attached to the application claiming threats including an incident involving a gun held to her head. The court granted the application and the matter was scheduled for hearing on January 5, 1999 and continued until January 12, 1999 before the undersigned. The plaintiff appeared prose and the defendant appeared with counsel. The plaintiff seeks a continuation of the restraining order which the defendant resists claiming lack of jurisdiction and a denial of the incidents alleged in the plaintiffs application. CT Page 35
Considerable evidence was introduced by both parties as to the relationship of the parties and the claim of the plaintiff that on December 2 or 3 1998, the defendant held a gun to her head and threatened her life if she left him. The threshold question critical to this case, however, is the issue raised by the defendant denying that the defendant ever "resided" with the plaintiff. It is the claim of the plaintiff that, for about three weeks in July of 1998, the defendant resided with her and that the defendant was intimate with her. The defendant denies that he resided with or was intimate with her. He claims that the relationship was merely flirtatious. The court accepts the credible testimony of the plaintiff that the parties were intimate, and in consideration of the pictures as shown in Plaintiff's Ex. 2 and letter presented in Plaintiff's Ex. I, does not believe the claim of the defendant that the relationship was merely flirtatious. Regardless of this relationship the question is whether the parties "resided" with each other within the meaning of the statute which is the basis for the plaintiffs claim of jurisdiction.
Under section 46b-15 family or household member is defined in accordance with the provisions of 46b-38a (2)(C) to include persons residing together or who have resided together. There is no case found that precisely defines "residing together" in the context of this statute. Our Supreme Court has defined word "resides" liberally as one stated residence as opposed to the technical domicile. Kelsey v. Green 69 Conn. 291, 301 Websters Ninth New Collegiate Dictionary defines "reside" — to be in residence as the incumbent of a benefice or office — to dwell permanently or continuously. There was no evidence presented which established that Mr. Wynn "resided" with the plaintiff in the sense that he established a residency with her. The court does believe that the defendant has spent overnights at the plaintiffs home and believes her testimony that he may still have clothes at her residence but the court can not find that he "resided" at the plaintiffs home as his stated residence. The court is also persuaded with the testimony of Larcena Wynn who is the wife of the defendant. She stated that, for the period in question, Mr Wynn resided with her and their children,
The court must strictly construe the language of the statute which provides that the relief provided under the provisions of46b-15 are available to those who were at one time "living together" as the plaintiff has alleged. "In determining whether CT Page 36 or not a statute abrogates or modifies common law rule the construction must be in strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." Willoughby v. New Haven 123 Conn. 446,454. Strict construction of the term "resides" in the context of the facts presented compels the court to dismiss this petition on jurisdictional grounds. Therefore, it is unnecessary to decide and the court will make no findings in connection with the allegations of the plaintiff involving the threats on her life and the incident of December 1998 as referenced in her affidavit attached to her petition.
The court finds that the parties have not resided together and therefore the plaintiff has not established the jurisdictional predicate sufficient to obtain relief under Section 46b-15. The court will therefore dismiss the temporary restraining order and dismiss this petition.
PELLEGRINO, J.