[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109)
Before the court is the defendant's motion for summary judgment on the ground that, in the town of Wethersfield, the possessor of abutting property is not liable for injuries that occur on a public sidewalk because Wethersfield has not conveyed its liability for such injuries to the abutting landowners. For the following reasons, the court grants the defendant's motion.
 I BACKGROUND
The plaintiff, Ann Stavola, alleges she was injured when she slipped and fell in front of 162 Wolcott Hill Road, Wethersfield, Connecticut (the premises), due to ice and snow on the sidewalk. The plaintiffs original complaint was filed in one count of negligence against the town of Wethersfield on August 31, 2000. The plaintiffs motion to cite in additional party defendants was granted on December 11, 2000. Thereafter, on January 2, 2001, the plaintiff filed an amended complaint alleging negligence in three counts against the town of Wethersfield, Josephine Mazzarella, and Peter Tuccitto, respectively.
On March 19, 2001, Tuccitto, the lessor of the premises, filed a motion for summary judgment on count three of the plaintiffs amended complaint. In support of his motion, Tuccitto submits a memorandum of law and § 139.2 of the Wethersfield town ordinances entitled "Removal of snow and ice." The plaintiff timely filed an objection. The court heard oral argument on May 7, 2001. After reviewing the relevant pleadings and submissions, the court issues this memorandum of decision.
 II STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The CT Page 10374 party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
"The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999); see also Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case to trial. See Great County Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
 III DISCUSSION
Count three of the plaintiffs amended complaint alleges Tuccitto "owned, operated, maintained, and/or controlled the premises" and "was responsible for the operation, management, maintenance, and/or repair of CT Page 10375 said premises, including snow and/or ice removal from the sidewalks located on said premises." (Amended Complaint, count three, ¶ 1.) Tuccitto moves for summary judgment on the ground that Wethersfield did not convey liability for injuries that occur on a public sidewalk to abutting property owners. He argues the Wethersfield ordinance only requires the abutting landowner to remove ice from the sidewalk; it does not shift liability for injuries from the town to the abutting landowner. He contends, citing Willoughby v. New Haven, 123 Conn. 446,197 A.2d 85 (1937), that any town ordinance purporting to convey the town's liability must specifically state that it is doing so. The plaintiff argues, to the contrary, that Wethersfield adopted General Statutes § 7-163a, which does not require the town to specifically convey liability.[1]
A town may, by ordinance, adopt § 7-163a,[2] which provides in relevant part that the municipality "shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk. . . ." General Statutes § 7-163a (b). Section 7-163a further provides that "[t]he owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury." General Statutes § 7-163a
(c)(1). Section 139-2 of the Wethersfield town ordinances provides in relevant part: "[W]henever any . . . sidewalk or any part thereof shall be covered with ice, the owner, agent of the owner or the occupant of the building or the lot adjacent thereto shall, within the space of 10 hours thereafter during the daytime, cause such sidewalk to be made safe and convenient by removing the ice therefrom or by covering the same by sand or other suitable substances. . . ."
"At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. . . . Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby. Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and CT Page 10376 costs for failure to do so or for clearing the same by the municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon." (Citations omitted.) Willoughby v. NewHaven, 123 Conn. 446, 451, 197 A. 85 (1937). "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms. . . ." Id., 453.
"Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." Id., 454. The plaintiff has not cited, nor has the court's research revealed, any cases holding that liability may be shifted without being specifically expressed by the ordinance. See Shubert Performing Arts Center, Inc. v.Boppers of New Haven, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 342816 (May 21, 1998) (denying abutting landowner's motion for summary judgment because the New Haven ordinance specifically shifts liability for removal of snow and ice to the abutting landowner). See also DeFilippis v. Brezovsky, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153378 (September 8, 1997, Lewis, J.) (holding that an abutting landowner is not liable to users of a public sidewalk for failure to remove of snow and ice absent language in the municipal ordinance specifically shifting liability from the municipality); Svorka v. Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 109738 (November 3, 1995,Lewis, J.) (same); Bourque v. Enfield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393740 (January 5, 1994,Wagner, J.) (same); Agosto v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256608 (December 18, 1990, Flynn, J.) (same). The Wethersfield ordinance does not contain language expressly shifting liability to abutting landowners. Accordingly, the court finds the Wethersfield ordinance does not shift liability to abutting landowners for injuries due to ice on a public sidewalk.
 IV CONCLUSION
The defendant's motion for summary judgment is granted. It is so ordered.
 BY THE COURT PATRICIA A. SWORDS JUDGE OF THE SUPERIOR COURT CT Page 10377