[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
The plaintiff Shirley Dumas brought this action against the defendant Alexander Schumanski claiming that the plaintiff was injured due to the defective condition of the sidewalk abutting property known as 190 Main Street, Jewett City, Connecticut, which property is owned, controlled and maintained by the defendant. The plaintiff asserts claims against the defendant for negligence (count one), absolute public nuisance (count two) and negligent CT Page 4332-ZZZZ public nuisance (count three). The defendant filed a motion for summary judgment on all three counts of the complaint on November 11, 1994. The court, Hendel, J., denied the motion on January 9, 1995. The defendant filed an answer with special defenses on January 17, 1995, to which the plaintiff replied on January 18, 1995. On December 20, 1995, the defendant filed a motion for reconsideration of its previous motion for summary judgment, which the court, Hendel, J., granted.
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . [T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . ." Home Ins.Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
I. COUNT ONE
Count one of the complaint asserts a claim of negligence against the defendant. The defendant concedes in his brief that § 21 of the Charter of the Borough of Jewett City (Charter) imposes a duty upon him to maintain sidewalks adjacent to his property in a reasonably safe condition. Nonetheless, the defendant argues that he cannot be held liable to the plaintiff, because the Charter does not, as required by law, contain an express provision allowing him to be held civilly liable to third-parties injured as a result of his failure to maintain those sidewalks as required by § 21. The defendant further argues that the only legislative enactment that expressly allows such liability to be imposed upon abutting landowners is General Statutes § 7-163a, which is strictly limited to injuries resulting from defects caused by the presence of ice or snow.
The plaintiff contends that General Statutes § 13a-149, and not § 7-163a, is the statute applicable to the present case. The plaintiff argues that § 13a-149 imposes liability for injuries suffered by pedestrians as a result of a defective sidewalk upon the party primarily responsible for its maintenance and that § 21 of the Charter unequivocally makes the defendant primarily responsible for the maintenance of sidewalks adjacent to his property.
The rule long stated in Connecticut has been that CT Page 4332-AAAAA "[p]rimarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. Therefore, if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." (Citations omitted.)Willoughby v. New Haven, 123 Conn. 446, 451 (1937).
Section 13a-149 states, in pertinent part, that "[a]ny person injured in person or property by means of a defective road or bride may recover damages from the party bound to keep it in repair." Section 21 of the Charter states, in pertinent part, that:
 Every person owning land within the Borough upon or adjacent to which is or may be a sidewalk . . . shall at all times keep such sidewalk in a safe, convenient condition for the use of the public and shall forthwith repair all defects which may occur in said sidewalk and at all times remove therefrom and keep the same free from all obstructions which in any way would impede public travel upon said sidewalk.
Section 21 of the Charter clearly makes the defendant primarily responsible for the maintenance of sidewalks adjacent to his property. Willoughby v. New Haven, supra,123 Conn. 451. Also, the language of § 13a-149 is clear and unambiguous in that it places liability for injuries caused by a defective road or bridge upon the party primarily responsible for the maintenance thereof. "The word `road' as used in [the predecessor of General Statutes § 13a-149], has usually been construed to include a sidewalk." Hornyak v. Fairfield, 135 Conn. 619, 621
(1949).
Further, the defendant incorrectly interprets the holding in Willoughby to mean that § 13a-149 does not provide the authority necessary to impose civil liability upon landowners for injuries or damages resulting from defects in sidewalks adjacent to their property. The plaintiff in Willoughby brought suit against the City of New Haven and the abutting property owner for injuries she CT Page 4332-BBBBB suffered as a result of a fall caused by an accumulation of ice and snow on a sidewalk. The court held that, although the abutting property owner had a statutory duty to maintain the statute, it could not be held liable to the plaintiff for failing to do so, because there was no provision in the applicable statute or in the Charter of New Haven expressly providing for such liability.Willoughby v. New Haven, supra, 123 Conn. 456. Although the court made frequent references to General Statutes § 1420, the predecessor of § 13a-149, the decision inWilloughby was based on a distinct Special Act of the Connecticut Legislature, 22 Spec. Acts 191, No. 330, §§1-4 (1935), which dealt specifically with the duty of landowners in New Haven to remove ice and snow from sidewalks adjacent to their property. Id., 448-49, 455-56. In fact, in discussing the predecessor of § 14a-139 to expose the deficiency in the 1935 Special Act, theWilloughby court stated that "[w]here the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms, as was done, for example, in the statutes now §§ 1420 and 3755 of the General Statutes . . ." Id., 453. Therefore, § 13a-149 provides the authority by which landowners charged with the primary duty of maintaining sidewalks adjacent to their property may be held civilly liable for injuries caused to third-parties by their failure to do so.
Based on the above discussion of Willoughby, the defendant's argument that § 7-163a provides the only authority by which landowners may be held liable to third parties for defects in sidewalks adjacent to their property is without merit. In the present case, therefore, the defendant may be held civilly liable to the plaintiff for injuries caused by his negligent failure to maintain the sidewalks adjacent to his property in accordance with the provision of § 21 of the Charter and summary judgment as to the first count of the complaint is denied.
II. COUNT TWO
Count two of the complaint asserts a claim for absolute (intentional) public nuisance. The defendant, argues first that the plaintiff's claim is legally insufficient, because the plaintiff has failed to allege CT Page 4332-CCCCC that the nuisance resulted from any affirmative act by the defendant. The defendant also argues that his affidavit is sufficient to remove any issue of fact from the case as to whether any affirmative act by him led to the creation of the alleged nuisance condition.
The defendant, by attacking the legal sufficiency of the plaintiff's allegation, is attempting to use a motion for summary judgment as a motion to strike. BoucherAgency. Inc. v. Zimmer, 160 Conn. 404, 409 (1985). This court has already upheld the legal sufficiency of all three counts of the complaint. The defendant filed a motion to strike the complaint in its entirety, which was granted by the court, Austin, J., on June 28, 1994. That order was subsequently vacated and the plaintiff's motion to reconsider was granted by Austin, J. on July 7, 1994. Upon reconsideration, the court, Hendel, J., denied the motion to strike in its entirety by written order of August 23, 1994, which order this court considers the "law of the case." E.g., State v. Arena, 235 Conn. 67, 80 (1995).
The defendant's affidavit is also insufficient to support a motion for summary judgment. E.g., Gambardellav. Kaoud, 38 Conn. App. 355, 359 (1995). To be liable on a theory of absolute public nuisance, a defendant must intend the act which leads to the creation of the nuisance condition. Quinnett v. Newman, 213 Conn. 343, 348 (1990). In the present case, the plaintiff has alleged that her "injuries and losses were due to the creation, existence or maintenance of said nuisance by the Defendant." (Complaint, Count Two, ¶ 5.). The affidavit of the defendant does no more than deny this allegation and is, therefore, insufficient to foreclose this material factual issue. Accordingly, the defendant's motion for summary judgment as to count two is denied.
III. COUNT THREE
The plaintiff asserts a claim for negligent public nuisance against the defendant in count three. The defendant's motion for summary judgment as to count three is based expressly on the grounds upon which he relied in seeking summary judgment on count one and two. The defendant's motion for summary judgment as to count three is, therefore, denied for the reasons already discussed. CT Page 4332-DDDDD
CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment is denied as to all three counts of the plaintiff's complaint.