[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Mobil Oil Corporation, has moved for summary judgment in this action in which the plaintiff, David Mahoney, seeks to recover for injuries he sustained when he tripped over a pipe protruding from a sidewalk adjacent to property located at 1063 Burnside Avenue in East Hartford, Connecticut. The basis for the Motion for Summary Judgment is that as a matter of law Mobil owed no duty to the plaintiff to repair or remove the pipe from the sidewalk.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burns
CT Page 13893v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978). Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829
(1989). The municipality has a duty to keep sidewalks in a safe condition. Connecticut General Statutes § 7-148. If liability can be shifted from the municipality to the abutting landowner, it must be accomplished by statutory or Charter provision or by ordinance which has been authorized by a statute or Charter provision. Willoughby v. New Haven, 123 Conn. 446, 451, 197 A. 85
(1937).
The Connecticut Legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks encompassed with State of Connecticut Highway Rights of Way. Connecticut General Statutes § 7-163a
permits municipalities to adopt the provisions contained therein by local ordinance:
 Municipal liability for ice and snow on public sidewalks. (a) Any town, city, borough, consolidated town and city or consolidated town and borough may, by ordinance, adopt the provisions of this section.
 (b) Notwithstanding the provisions of section 13a-149 or any other general statute or special act, such town, city, borough, consolidated town and city or consolidated town and borough shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway or street, provided such municipality shall be liable CT Page 13894 for its affirmative acts with respect to such sidewalk.
 (c) (1) The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury. (2) No action to recover damages for injury to the person or to property caused by the presence of ice or snow on a public sidewalk against a person who owns or is in possession and control of land abutting a public sidewalk shall be brought but within two years from the date when the injury is first sustained.
Under the above statute, municipalities may shift liability to third persons to abutting property owners concerning snow and ice. However, various trial courts have held that the power conferred on municipalities by Connecticut General Statutes §7-163a empowers those municipalities to shift liability for highway/sidewalk injuries to abutting landowners only for conditions relating to snow and ice. See Kuchinsky v. City ofAnsonia, Superior Court, judicial district of Ansonia — Milford at Milford, Docket No. 31697 (Sept. 23, 1991) (Meadow, J.); Klein v. Horace Bushnell Congregational Church, Superior Court, judicial district of Hartford — New Britain, Docket No. 432080 (January 31, 1990) (Allen, J.), 1 CONN. L. RPTR. 250. These courts have found that § 7-163a goes no further than shifting liability with respect to ice and snow conditions on sidewalks:
 Although General Statutes Sec. 7-163a provides that owners or persons in possession and control of land abutting a public sidewalk shall be liable to persons injured in person or property caused by the presence of ice and snow the statute goes no further. When a statute (or ordinance) is in derogation of the common law and creates liability where formerly none existed, it should be strictly construed and not enlarge by the mechanics of construction. YaleCT Page 13895 University School of Medicine v. Collier, 206 Conn. 31
(1988). There has been no express intent by statute or ordinance that an abutting landowner may be held liable for injuries caused by defective sidewalks other than ice and snow.
Klein, supra at 251.
The only other source of municipal power to delegate duties to abutting landowners with respect to sidewalks is Connecticut General Statutes § 7-148. That statute permits a municipality to require owners to repair and maintain sidewalks, and impose penalties for failure to comply with the statute. However, unlike § 7-163a, it does not authorize a municipality to shift liability for injuries to adjacent landowners. East Hartford Ordinances §§ 18-29 and 18-38 require adjacent property owners to repair and maintain sidewalks, but do not impose any liability on those owners for injuries caused by sidewalk defects other than ice and snow.
An abutting owner is liable for a hazardous condition on a public sidewalk which of his own creation. Perkins v. Weibel,132 Conn. 50, 52, 42 A.2d 360 (1945) (accumulation of cooking grease on the sidewalk); Hanlon v. Waterbury, 108 Conn. 197, 200,142 A. 681 (1928) (spilled gasoline).
The plaintiff has submitted no evidence that any conduct of the defendant created the pipe in the sidewalk on which the plaintiff allegedly fell.
Since there is no claim that Mobil created the defect on which the plaintiff allegedly fell, his claim must fail as a matter of law. While Mobil owed a duty to the Town of East Hartford to keep the sidewalk in repair, it owed no duty to the plaintiff and cannot be liable for the plaintiff's injuries.
For the foregoing reasons summary judgment may enter in favor of the Town of East Hartford.
By the court,
Aurigemma, J. CT Page 13896