[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Ann Radley ("plaintiff"), filed a complaint against the Town of Westport ("Town") and First Westport Properties ("First Westport"), alleging in two counts that the defendants failed to maintain the sidewalk where the defendant fell and sustained serious injuries. Count one of the complaint alleges a cause of action against the Town, while count two alleges a cause of action against First Westport, the owner of the buildings where the plaintiff fell on the abutting sidewalk. Presently before the court is First Westport's motion for summary judgment as to count two. CT Page 3992
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49 (formerly § 384). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is [however] an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660,691 A.2d 1107 (1997).
First Westport argues that it is entitled to summary judgment on two grounds. First, it argues that a municipality cannot transfer liability to an abutting landowner for injuries received as a result of a fall on an allegedly defective sidewalk. Second, First Westport contends that it had no duty to keep the sidewalk under good repair under the relevant Westport town code because it did not get written notice of the defect as required by the code.
The plaintiff argues that summary judgment is inappropriate on two grounds. First, there is a Superior Court case to support the argument that liability can be transferred to abutting landowners. Second, § 128-1 of the Westport code was not complied with because First Westport failed to maintain the sidewalk.
"At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice." Willoughby v. New Haven, 123 Conn. 446, 451, 197 A. 85
(1937). "[I]f [however] the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provisions or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." Id. Here, § 128-1 of the Westport code does not specifically impose liability on the abutting landowner. The plaintiff's claim that the abutting landowner, First Westport, is liable for her injuries is, therefore, incorrect. The only requirement of § 128-1 is that the abutting landowner CT Page 3993 maintain the sidewalk upon appropriate notice.
Further, there is no statutory authority to suggest that the Town of Westport has any authority to extend liability for injuries on defective sidewalks to abutting landowners. The legislature specifically allowed the extension of liability to abutting landowners for falls on ice and snow but has thus far remained silent as to injuries resulting from falls on defective sidewalks. General Statutes § 7-163a. As such, First Westport cannot be held liable for the plaintiff's injuries as a matter of law.
Moreover, the better reasoned Superior Court cases deciding this very issue have found that a town has no statutory authority to extend liability for injuries resulting from falls on defective sidewalks to abutting landowners. See Rodriguez v.Melekey, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342710 (July, 22, 1998, Skolnick, J.);Mahoney v. Mobil Oil Corp. , Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138); but see Dumas v.Schumanski, Superior Court, judicial district of Norwich at Norwich, Docket No. 105155 (May 23, 1996, Hendel, J.) (16 Conn. L. Rptr. 613) (finding that abutting landowners can be held liable for injuries resulting from falls on defective sidewalks). The plaintiff's claim that First Westport is liable for her injuries, therefore, fails because abutting landowners cannot be held liable for injuries resulting from falls on defective sidewalks.
In addition, the plaintiff's argument that First Westport had a duty to maintain the sidewalk, despite the fact that First Westport never received notice of the defect as required by the code, holds no merit. The plain language of the code suggests that abutting landowners have a duty to maintain the sidewalk only upon written notice from the Board of Selectmen. No such notice was furnished to First Westport. Consequently, First Westport did not have a duty to repair the sidewalk.
Accordingly, First Westport's motion for summary judgment as to count two is granted.
D'ANDREA, J. CT Page 3994