[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT NELSON'S MOTION FOR SUMMARY JUDGMENT
Presently before the court is the defendant Gustave Nelson's[1] (Nelson) motion for summary judgment as to count one of the complaint.[2] On January 15, 1999, the plaintiff. Yolanda Mode (Mode), commenced this slip and fall action against the defendants, Nelson and the town of Plainville (Plainville). The complaint, dated December 17, 1998, alleges the following relevant facts.
On December 27, 1996, Mode was walking on a sidewalk abutting property owned by Nelson at 50 East Main Street, Plainville, Connecticut. As she was walking, Mode caught her foot and fell on a raised and uneven slab of concrete, suffering injuries.
Mode alleges in count one that the sidewalk was uneven, unsafe, and constituted a nuisance. She further alleges in paragraph 4 of such count that Nelson contributed to the condition of the sidewalk by "allowing the row of trees adjacent to said sidewalk to grow wildly beyond the boundary of [his] front yard forcing pedestrians to walk on the outer edge of the sidewalk, which
[Nelson] knew was worn, uneven and eroded."
On October 6, 1999, Nelson filed a motion seeking summary judgment on the ground that an abutting property owner has no duty to maintain a sidewalk for the safety of pedestrians. In CT Page 2596 support of his motion, Nelson argues that an abutting property owner has no duty to maintain sidewalks, rather that duty is placed upon municipalities pursuant to the General Statutes. He further argues that the Plainville ordinance relating to installation, repair and maintenance of sidewalks places the duty to maintain public sidewalks on the Plainville director of public works.[3] In opposition, Mode responds that she makes out a claim in public nuisance because when she fell, she was exercising her public right to use the sidewalk.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1999); Practice Book § 17-49.
There is no genuine issue of material fact here. Mode's affidavit is uncontested and the parties have agreed that the ordinance submitted by Nelson may be considered by the court. The crucial question is whether Nelson owed a duty of care to Mode under these circumstances.
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997). "There can be no actionable negligence . . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Citations omitted.) Waters v. Autuori,236 Conn. 820, 826, 676 A.2d 357 (1996).
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel."Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). By law, municipalities have a duty to keep in good repair sidewalks within their respective limits. See Ryszkiewicz v. New Britain,193 Conn. 589, 594, 479 A.2d 793 (1984); See also Hutchinson v.City of Danbury, Superior Court, judicial district of Danbury, Docket No. 331013 (February 8, 1999, Radcliffe, J.) (23 Conn. L. Rptr. 3); General Statutes §§ 7-148 and 13a-99. General Statutes § 7-148 charges municipalities with the duty to keep sidewalks in a safe condition and does not authorize municipalities to transfer liability or to impose a duty of CT Page 2597 general sidewalk maintenance on abutting property owners. See General Statutes § 7-148 (c)(6)(C)(i)-(v).
Furthermore, Plainville ordinances do not require property owners to maintain sidewalks adjoining their property. Under the town ordinance relating to repair and maintenance of sidewalks, it is the duty of the Plainville director of public works to maintain and repair sidewalks. Section 2 of the ordinance provides in relevant part: "The construction, repair and maintenance of all sidewalks situated in the Town of Plainville . . . shall be under the direction of the Director of Public Works . . . He may cause to be constructed, or repaired and brought to safe condition, such sidewalks as he deems necessary, subject to the provisions of this ordinance." There is no language in the above ordinance nor in any statute that would place a duty on Nelson to maintain the sidewalk in question. SeeWilloughby v. New Haven, 123 Conn. 446, 451, 197 A.2d 85 (1937);Mahoney v. Mobil Oil Corporation, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138).
Mode asserts however that Nelson can be held liable in nuisance for the trees overhanging the sidewalk. Mode attests at paragraph 5 of an affidavit submitted in opposition to this motion that at the time of the accident she "was forced to the outside of the sidewalk because of the presence of overgrown trees on the sidewalk."
The liability in nuisance of abutting property owners is much more limited than that of property owners who create and maintain nuisances on their own property. See MacArthur v. Town ofSuffield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 522353 (March 8, 1994, Hennessey,J.). "That liability [of abutting property owners in nuisance] is limited to cases of affirmative acts." (Internal quotation marks omitted.) Id. "If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury,108 Conn. 197, 200, 142 A. 681 (1928).
The plaintiffs claim of nuisance is not for an affirmative act by Nelson, such as making a hole in the sidewalk or creating the uneven and eroded aspect of the sidewalk. Instead, given that trees grow overtime, plaintiffs claim of nuisance is premised CT Page 2598 only upon an omission, to wit, Nelson failing to eliminate a naturally occurring condition by failing to trim the trees.
Further, because the alleged nuisance is that portion of Nelson's trees extending into the adjoining right of way, state statutes preempt Nelson's ability to trim them. General Statutes § 23-59 vests in town tree wardens the care and control of trees located wholly or in part within the limits of municipal roads and sidewalks.[4] It provides in relevant part that "the town or borough tree warden shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds and within the limits of his town or borough. . . . Such care and control shall extend to such limbs, roots or parts of trees and shrubs as extend or overhang the limits of any such public road or grounds." General Statutes § 23-59; see also General Statutes § 13a-140 (vesting authority over trees situated wholly or partially within the state highway system in the highway commissioner). Moreover, individuals who remove or prune such trees or parts thereof are liable for penalties and fines pursuant to General Statutes § § 13a-140 and 23-65.[5]
Our Supreme Court long ago rejected the argument that a defendant property owner can maintain a public nuisance by reason of tree branches overhanging a public right of way. See Muratoriv. Stiles Reynolds Brick Co., 128 Conn. 674, 25 A.2d 58 (1942). In Muratori, the tree was positioned inside a fenced area of the defendant's property. Yet, as the tree grew, its limbs, branches and foliage extended over the zone of public travel. Reading General Statutes (1949 Rev.) §§ 2197 and 876c [now §§ 23-59
and 23-65] together, the Court held that "the legislative intent was to vest exclusive control in the tree warden of all trees standing within the limits of a highway or of any parts of trees extending within those limits, though the trees themselves stand on private grounds, except that other public authorities have jurisdiction." Id., 678.
For the foregoing reasons, Nelson owed no duty of care to Mode and cannot be liable to her in negligence or nuisance. The defendant Nelson's motion for summary judgment is granted.
James T. Graham Superior Court Judge