[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #123
On March 19, 1997, the plaintiff, William Preziozo, filed a two-count amended complaint against the defendants, the Greater Bridgeport Transit District (Greater Bridgeport) and Tyrone Stone. The plaintiff claims that on October 17, 1994, a bus owned by Greater Bridgeport and operated by Stone Struck the motor vehicle operated by the plaintiff. The plaintiff alleges that Stone was the agent, servant and/or employee of Greater Bridgeport and was acting within the scope of his employment at the time of the collision. The plaintiff further alleges that he has suffered injuries as a result of this collision. Count one alleges negligence. Count two alleges recklessness.
On October 19, 1996, the defendants field a motion to strike. Greater Bridgeport and Stone move to strike count two of the complaint, as well as the corresponding claim for double or treble damages pursuant to General Statutes § 14-295, on the ground that the plaintiff has failed to plead facts sufficient to support a cause of action for recklessness. Additionally, Greater Bridgeport moves to strike count two as alleged against it, and the corresponding claim for double or treble damages pursuant to § 14-295, on the ground that a principal/employer cannot be held vicariously liable for punitive damages awarded because of the acts of its agent/employee unless there exists a specific statutory exception permitting such liability, and no such statutory exception exists in the present case. CT Page 13035
"The purpose of a motion to strike is to contest . . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corp. v. Potpourri, 39 Conn. Sup. 132, 133,471 A.2d 681 (1983); Practice Book § 152 (2).
A. The Pleading Requirements of General Statutes § 14-295
The defendants argue that count two fails to state a claim for recklessness because it does not allege facts beyond those alleged in count one to support a negligence claim. The plaintiff responds that count two is legally sufficient because it alleges statutory recklessness pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of act may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 13-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was substantial factor in causing such injury, death or damage to property."
A split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. Mascia v. Brewer,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149293 (January 6, 1997) (D'Andrea, J.). Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim or recklessness at common law. Bravov. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996) (McDonald, J.); Murray v. Krupa,
Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995) (Teller, J.): Pitka v.
CT Page 13036Ullrich, Superior Court, judicial district of New London, Docket No. 530000, 13 CONN. L. RPTR. 32 (November 16, 1994) (Austin, J.). Conversely, other courts have held that the plaintiff is only required to allege that the defendant deliberately of with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. Nowitz v. JBHTransport, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997) (Melville, J.); Auger v. Baddeley, Superior Court, judicial district of Tolland at Rockville, Docket No. 60334, 18 CONN. L. RPTR. 483 (January 13, 1997) (Rittenband, J.); Smith v. Mitsubishi Motors, Superior Court, judicial district of New London at New London, Docket No. 535161 (January 17, 1996) (Hurley, J.); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530,10 CONN. L. RPTR. 48 (September 16, 1993) (Higgins, J.) ("[Section 14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness").
This court has previously and repeatedly articulated its agreement with the latter line of cases. Mitchell v. Viscount,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333831 (November 26, 1997) (Skolnick, J.); Turbak v.Howard-Arnold, Inc., Superior Court, judicial district of Fair field at Bridgeport, Docket No. 342875 (November 26, 1997) (Skolnick, J.); Degray v. Sullens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047978 (May 23, 1995) (Skolnick, J.). Here, the plaintiff has alleged that Stone operated the bus with reckless disregard in violation of General Statutes § 14-218a and that such operation was a substantial factor in causing the plaintiff's injuries. Therefore, this court finds that the plaintiff has sufficiently pleaded a claim of statutory recklessness under §14-295.[1]
B. Vicarious Liability and General Statutes § 14-295
Greater Bridgeport also argues that the plaintiff's recklessness claim and corresponding claim for double and treble damages against it should be stricken because a principal/employer cannot be vicariously liable for punitive damages incurred by the agent/employee unless there exits a specific statutory exception permitting such liability, and no such statutory exception exists in the present case. The CT Page 13037 plaintiff responds that General Statutes § 52-183 provides the necessary statutory basis permitting Greater Bridgeport (the principal/employer) to be held liable for the punitive damages caused by Stone (the agent/employee).
General Statutes § 52-183 provides in full: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
At common law, a principal is vicariously liable for the compensatory damages incurred by an agent acting within the scope of his employment but is not vicariously liable for the punitive damages incurred by such agent. Maisenbacker v. SocietyConcordia, 71 Conn. 369, 379, 42 A. 67 (1899). "When a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent. . . . In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought with in its scope. The court is to go no faster and no further than the Legislature has gone . . . . A legislative intention not expressed in some appropriate manner has no legal existence." (Citations omitted; internal quotation marks omitted.) Willoughbyv. New Haven, 123 Conn. 446, 454, 197 A. 85 (1937).
Whether General Statutes § 52-183 abrogates or modifies the common law rule that a principal is not vicariously liable for punitive damages incurred by an agent has not been answered by our Supreme or Appellate Court, and the Superior Courts are split on this issue. Vince v. Negron, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket N. 564244 (May 8, 1997) (Hale, J.).
Some courts that have addressed this issue have concluded that § 52-183 fails to express the legislative intent necessary to abrogate or modify the common law rule prohibiting the vicarious imposition of punitive damages. Silva v. Arroyo, Superior Court, judicial district of New London, Docket No. 537532,17 CONN. L. RPTR. 306 (June 26, 1996) (Austin, J.); Gomez v. MitsubishiMotors
CT Page 13038Credit of America, Inc., Superior Court, Judicial district of Fairfield at Bridgeport, Docket No. 327864, 17 CONN. L. RPTR. 102 (June 19, 1996) (Ballen, J.); Robinson v. McWheeny, Superior Court, judicial district of New Haven, Docket No. 379968, 16 CONN. L. RPTR. 514
(April 23, 1996) (Corradino, J.); Hamilton v. Zarrelli, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No 145033,16 CONN. L. RPTR. 514 (October 27, 1995) (D'Andrea, J.); Marin v.Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994) (Maiocco, J.).
Other courts have held that § 52-183 permits double or treble damages to be to be imposed on the owner of the vehicle. These courts have determined that the language of § 52-183
raises a presumption that the owner of the vehicle is liable for the reckless operation of the vehicle. Rubbo v. Rubbo, Superior Court, judicial district of Waterbury, Docket no. 130961, 19 CONN. L. RPTR. 547
(May 22, 1997) (Pellegrino, J.); Waslewski v. Robinson, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 445908, 6 CONN. L. RPTR. 138 (February 11, 1992) (Byrne, J); Lockwoodv. Gorski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133909 (May 6, 1994) (Mottolese, J.); Courtois v.Carr, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393665, 5 CONN. L. RPTR. 330 (December 12, 1991) (Corrigan, J.).[2] This court finds the latter line of cases more persuasive and interprets § 52-183 as raising a presumption that he owner of a vehicle is liable for the reckless operation of said vehicle by its agent and the owner is therefore subject to the possible imposition of double or treble damages under § 14-295. The court is so persuaded in no small part by the Statute's language which includes the "reckless operation" of a motor vehicle.
Accordingly, Greater Bridgeport's motion to strike the plaintiff's recklessness claim and corresponding claim for double or treble damages against it, is denied.
SKOLNICK, J.