[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKEOF DEFENDANT HANCOCK-MEDICAL AND SURGICAL. INC.
INTRODUCTION
The second count (second count) of the amended complaint in this case alleges that the plaintiff suffered personal injuries when the parked vehicle in which he was seated was struck by a vehicle owned by the defendant Hancock's Pharmacy and Surgical, Inc. (Hancock) and operated by the defendant Brian Choiniere (Choiniere). The second count further alleges that at the time of that collision, Choiniere was operating Hancock's vehicle with Hancock's permission or as an agent, servant or employee of Hancock, and that Choiniere deliberately or with reckless disregard violated § 14-222 and/or § 14-219 (a) of the General Statutes (all further section references are to the General Statutes), thereby causing the collision.
The prayer for relief for the second count claims double or treble damages. Hancock has moved to strike the prayer for double or treble damages on the ground that "an employer may not be held vicariously liable for double/treble damages as a result of an employee's reckless conduct."
DISCUSSION
Section 14-295 provides, in relevant part:
 In any civil action to recover damages resulting from personal injury, . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section . . . 14-219, . . . 14-222 . . . and that such violation was a substantial factor in causing such injury. . . .
While neither our Appellate Court nor our Supreme Court has decided whether double or treble damages can be imposed vicariously on an CT Page 1935 employer pursuant to § 14-295, several Superior Court decisions address that issue, with a resulting split of authority. Accordingly, this motion cannot be decided on clear precedent.
Connecticut common law concerning the imposition of punitive damages on an employer under the doctrine of respondeat superior has been articulated as follows:
 The cases in which punitive damages may be awarded are only those actions of tort "founded on the malicious or wanton misconduct of the defendant," or upon "such culpable neglect of the defendant" as is "tantamount to malicious or wanton misconduct." (Citations omitted.)
Maisenbacker v. Society Concordia, 71 Conn. 369, 378 (1899).
Quoting from a New York case, the Maisenbacker court went on to state the rationale for refusing to impose punitive damages underrespondeat superior, as follows:
 "For injuries by the negligence of a servant while engaged in the business of the master, within the scope of his employment, the latter is liable for compensatory damages; but for such negligence, however gross or culpable, he is not liable to be punished in punitive damages unless he is also chargeable with gross misconduct." (Citation omitted.)
Id., 379.
Because the common law rule opposes the imposition of vicarious liability on employers for punitive damages, the question becomes whether § 14-295 alters that common law rule. The test for determining whether a statute alters the common law has been expressed as follows:
 In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. . . . A legislative intention not expressed in some appropriate manner has no legal existence. (Citations omitted.)
Willoughby v. New Haven, 123 Conn. 446, 454-55 (1937).
Because § 14-295 does not contain an express intent to alter the common law rule against imposing vicarious liability on an employer CT Page 1936 for punitive damages, the plaintiff's claim for double or treble damages cannot be based solely on a reading of § 14-295. However, the picture changes when § 14-295 is read in conjunction with § 52-183, which provides:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
Under Willoughby, the test is whether § 52-183 expresses a legislative intent to alter the common law rule and impose vicarious liability on an employer for punitive damages. In order to apply that test, it is first necessary to establish the purpose of punitive damages under our law, as our Supreme Court did in Tedesco v. Maryland Casualty Co.,127 Conn. 533 (1941), as follows:
 In essence, the additional award represents a sum the payment of which is imposed upon an offending driver as punishment for a violation of the statute which has the aspects of a wrong to the public rather than to the individual.
Id., 537.
The common law's reluctance to extend punitive damages to employers stemmed from the premise that the "wrong to the public" was committed only by the employee, in a manner analogous to a frolic and detour, and that unless the employer was responsible in some way for the "wrong to the public," only the employee should be punished. In the context of § 14-295, the "wrong to the public" which is to be punished is the operation of a motor vehicle "with reckless disregard" for the statutory rules of the road. Because § 52-183 expressly makes Choiniere the agent of Hancock in regard to Choiniere's alleged reckless operation of Hancock's vehicle, the legislature has manifested its intent to alter the common law rule by creating the rebuttable presumption that any reckless operation by Choiniere was part of Choiniere's duties. If Choiniere's duties required reckless operation of a motor vehicle, then Choiniere's master is equally liable with Choiniere for his "wrong to the public," and the master may stand liable for any punitive damages imposed on Choiniere.
CONCLUSION CT Page 1937
Hancock's motion to strike is denied.
Levine, J.