[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE # 101
The plaintiff, Judith Wade, filed a two-count complaint against the defendant, Daudbhai Vahora, on January 8, 1998. The plaintiff alleges that while operating her motor vehicle, she was struck by the defendant's motor vehicle and sustained injuries. The plaintiff alleges that her injuries were the result of the defendant's negligence in count one and of the defendant's recklessness pursuant to General Statutes § 14-218a in count two.
On February 5, 1998, the defendant filed a motion to strike the second count of the complaint on the ground that the plaintiff has failed to allege facts sufficient to support a claim of reckless conduct pursuant to General Statutes § 14-295.[1]
In Prezioso v. Greater Bridgeport Transit Authority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337357 (December 24, 1997, Skolnick, J.) (21 Conn. L. Rptr. 274, 275), this court noted that a split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. The court affirmed, and has continued to affirm, its adherence to the principle that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in § 14-295
and that such violation was a substantial factor in causing the plaintiff's injuries. Id. The plaintiff is not required to allege the requirements for common law recklessness. See also Latorre v.Kephart Truck Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 347601 (May 26, 1998, Skolnick, J.);Campbell v. Lanzo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345953 (May 26, 1998, Skolnick, J.);Augustin v. Kovacs, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 349143 (May 11, 1998, Skolnick, J.). The court continues to adhere to this principle. As the plaintiff has alleged each of the requirements of § 14-295, the defendant's motion to strike count two of the complaint is denied.
DAVID W. SKOLNICK, JUDGE