[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 104)
The plaintiff, Andrew Rocco, alleges in count one of a two-count complaint that on or about December 4, 1996, he was travelling on Interstate 95 in Fairfield when he pulled onto the shoulder. The plaintiff further alleges that the defendant, William Hall (Hall), while operating a tractor trailer in the scope of his employment for the defendant, Allied Systems, LTD., negligently sideswiped the plaintiffs vehicle, causing the plaintiff various injuries. The plaintiff seeks double and treble damages in count two pursuant to General Statutes § 14-295.[1]
The defendants move to strike the second count of the plaintiff's complaint on the ground that the plaintiff has failed to plead any facts to support his reckless allegations. The plaintiff has filed a memorandum in opposition and the matter was heard by the court on March 1, 1999.
The defendants argue that the plaintiff cannot simply replead his negligence allegations and label them as reckless conduct. The defendants rely upon several cases discussing the pleading requirements for common law recklessness, which they argue are also required under General Statutes § 14-295.
Count one alleges that the plaintiffs injuries were caused by the negligence and carelessness of Hall, and lists seven different ways in which Hall was negligent or careless. (Complaint, Count 1 ¶ 5). Count two realleges paragraphs one through four of the first count, and then alleges that Hall operated his motor vehicle with reckless disregard. Two statutory grounds of recklessness, General Statutes §§ 14-218a and 14-222, are alleged.[2] (Complaint, Count Two ¶ 5). Therefore, plaintiff has not simply repeated the allegations contained in count one and labeled them as reckless conduct in count two, and CT Page 4541 the pleadings give the defendants notice of the conduct being alleged.
The defendants also argue that the canons of statutory interpretation make it clear that the legislature did not intend that a complaint allege only the statutory language of § 14-295. The defendants make much of the legislatures choice of the words "specifically pleaded." A simple review of § 14-295 reveals how those words were intended to be interpreted. The statute provides that the trier of fact may award double or treble damages "if the injured party has specifically pleaded that another party hasdeliberately or with reckless disregard operated a motor vehiclein violation of section 14-218a, . . . 14-222 . . . and that suchviolation was a substantial factor in causing such injury. . . ."
(Emphasis added.) General Statutes § 14-295. "Where the meaning of a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." Pitchell v. City of Hartford, 247 Conn. 422, 432, ___ A.2d ___ (1999). See also General Accident Ins. Co. of Americav. Powers, Bolles, Houlihan Hartline, Inc., 50 Conn. App. 701,709, 719 A.2d 77 (1998) ("[W]hen the language of a. statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislatures intent").
The court finds that § 14-295 is clear on its face, and therefore there is no need to review the legislative history of the statute as urged by the defendants. The court further finds that count two alleges each of the essential components of a properly pleaded statutory recklessness claim: deliberate or reckless operation; violation of one or more of the listed statutes; and that the violation was a substantial factor in causing the injury. Where a plaintiff specifically pleads each of these components, the plaintiff has fully complied with all that the statute requires.
This court continues to follow the position it articulated inPrezioso v. Greater Bridgeport Transit, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337357 (December 24, 1997, Skolnick, J.) (21 Conn. L. Rptr. 274), and finds that the plaintiff has pleaded all that is required under § 14-295. Accordingly, the defendants motion to strike count two of the plaintiff's complaint is denied. CT Page 4542
SKOLNICK, J.