[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 118)
Before the court is the defendant's motion to strike the second count of plaintiff's complaint on the ground that the defendant may not be held vicariously liable, pursuant to §14-295 of the General Statutes, for its employee's reckless driving in violation of General Statutes §§ 14-218a, 14-219,14-222 and 14-230.
In their six-count complaint, the plaintiff, Michael Provenzano, and his wife, Brigitte Provenzano, allege that the plaintiff was involved in an automobile collision in which a rental truck impacted the car the plaintiff was driving. In count two of the complaint, the plaintiff alleges that the truck operator, an employee-agent of the defendant, North Operating Company, recklessly violated §§ 14-218a 14-219, 14-222 and14-230 of the General Statutes, and that the defendant is liable to the plaintiff for double or treble damages pursuant to §14-295 of the General Statutes.
The defendant moves to strike count two of the' revised complaint on the ground that the plaintiff has failed to state a claim against the defendant for double or treble damages pursuant to § 14-295 of the General Statutes. Specifically, the defendant moves to strike count two on the ground that § 14-295 of the General Statutes does not impose liability for double or treble damages against an employer based entirely upon vicarious liability. CT Page 15881
Section 14-295 of the General Statutes provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222 . . . [or] 14-230 . . . and that such violation was a substantial factor in causing such injury, death or damage to property." "It is well settled . . . that statutory multiple damages awarded pursuant to § 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.)Caulfield v. Amica Mutual Ins. Co., 31 Conn. App. 781, 786 n. 3,627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688 (1993) see also Alaino v. Rover, 188 Conn. 36, 43, 488 A.2d 207 (1982) ("[T]he definition of punitive damages . . . precludes the trial court's equation of exemplary and statutory damages . . . Although the Supreme Court, at common law, has refused to impose vicarious liability for punitive damages; see Gionfriddo v. RentA Car Systems, Inc., 192 Conn. 280, 285, 472 A.2d 306, rev'd on other grounds, 192 Conn. 301, 472 A.2d 316 (1984); its decision does not resolve the issue of whether to allow vicarious liability for double or treble damages pursuant to § 14-295.
The Supreme Court has approved the application of § 14-295 to any person renting or leasing out rental vehicles because, pursuant to § 14-154a, such person is subjected to liability for damages caused by the operator "to the same extent as the operator would have been liable if he had also been the owner." See Gionfriddo v. Rent A Car Systems, Inc., supra, 192 Conn. 290. Here, however, the defendant employed the driver, but did not own the truck, nor did the defendant lease or rent the truck to its employee. See General Statutes § 14-154a.
The Superior Court is split on the issue of imposing vicarious liability for double or treble damages upon an employer whose agent caused an accident in violation of the statutes listed in § 14-295. Some courts have held that the employer may be held liable for double or treble damages pursuant to § 14-295. See Prezioso v. Greater Bridgeport Transit Authority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333757 (December 24, 1997, Skolnick, J.) (21 Conn. L. Rptr. 274);Rodrigues v. Woodland, Superior Court, judicial district of CT Page 15882 Hartford-New Britain at Hartford, Docket No. 322890 (November 4, 1987, Hale, J.) (3 C.S.C.R. 21); see also Rosado v. Choiniere, Superior Court, judicial district of New Haven at Meriden, Docket No. 259352 (February 19, 1998, Levine, J.) (21 Conn. L. Rptr. 313) (construing § 14-259 in conjunction with § 52-183, which creates a presumption that the driver is an agent of the vehicle owner)
Other courts have declined to acknowledge claims of employer liability for double or treble damages pursuant to § 14-295. SeeCarta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.T.R.);Robinson v. McWeeney, Superior Court, judicial district of New Haven at New Haven, Docket No. 379968 (April 23, 1996, Corradino,J.) (16 Conn. L. Rptr. 514); Cunningham v. Langlois, Superior Court, judicial district of Tolland at Rockville, Docket No. 47976 (October 1, 1991, McWeeny, J.) (5 Conn. L. Rptr. 79);Byrnes v. General Oil co. of Hartford, Superior Court, judicial district of Tolland at Tolland, Docket No. 44645 (January 23, 1991, Dunn, J.) (3 Conn. L. Rptr. 165).[1]
Several Superior Court cases, however, are premised on the idea that allowing double or treble damages against employers pursuant to § 14-295 is an abrogation of the common law prohibition against the award of punitive damages for vicarious liability.[2] Section 14-295 damages are separate and distinct from punitive damages, however. See Caulfield v. Amica MutualIns. Co., supra, 31 Conn. App. 786 n. 3. Hence, the court should analyze § 14-295 independently, rather than regarding the statute as an abrogation of the common law. The statute, by its plain language, applies to "any civil action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222 . . . [or] 14-230 . . . and that such violation was a substantial factor in causing such injury, death or damage to property." General Statutes § 14-295. The plaintiff's allegations meet the plain language requirements of the statute. Moreover, this court has denied a motion to strike where the owner-employer's agency was established pursuant to § 52-183.[3]
See Prezioso v. Greater Bridgeport Transit Authority, supra,21 Conn. L. Rptr. 274. The means of establishing agency do not impact the court's analysis of a principal's liability under § 14-295. Hence, the court concludes, consistent with its prior decision, CT Page 15883 that an employer may be liable for double or treble damages pursuant to § 14-295 for the reckless statutory violations of his employee agent. Accordingly, the court denies the defendant's motion to strike count two.
SKOLNICK, J.